UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SFR SERVICES, LLC,

    Plaintiff,

v.                                      Case No: 2:19-cv-369-FtM-99NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Compel Appraisal and Stay Litigation (Doc. #18) filed on July 25, 2019. Plaintiff filed a Response (Doc. #20) on August 5, 2019, opposing the motion.

SFR Services, LLC (plaintiff) is the assignee of benefits under a policy of insurance issued by Empire Indemnity Insurance Company (defendant or Empire) to Ibis Point III at Carlton Lakes, Inc. to cover six buildings in Naples, Florida. (Doc. #20, ¶ 1.) The buildings in question were damaged as a result of a storm in September 2017, and on September 14, 2017, the insured reported wind and water damage to all six buildings caused by Hurricane Irma. (Doc. #18, ¶¶ 2-3.) On October 8, 2018, the insured executed an Assignment of Benefits in favor of SFR Services, the plaintiff in this case. (Id., ¶ 3.) Plaintiff's self-generated Sworn Statement in Proof of Loss was for $1,289,977.34, while

defendant's investigation concluded that damage to five of the six buildings was below the deductible. (Id., ¶¶ 4, 6.)

On April 18, 2019, plaintiff filed a Complaint (Doc. #3) against Empire for breach of the residential commercial policy of insurance. On May 29, 2019, defendant sent a letter to plaintiff invoking the right to appraisal and identifying its own appraiser. (Doc. #18, 1, 8; Doc. #20, ¶¶ 1, 8.) On May 31, 2019, defendant Empire Indemnity Insurance Company (defendant or Empire) removed the case to federal court. (Doc. #1.)

Plaintiff did not select its own appraiser, and instead requested proof of notice to the insured or plaintiff of the right to participate in a mediation program pursuant to a policy provision and Fla. Stat. § 627.7015. The policy provision requires defendant to notify the policyholder of a right to participate in 'the mediation program' as a condition precedent to appraisal, which defendant argues does not apply because the policyholder is not involved. (Doc. #18, ¶¶ 10-11.) When defendant did not respond, plaintiff followed up seeking confirmation of compliance with the notice requirement, while also selecting an appraiser. Defendant objected to the choice of appraiser, Ricky McGraw, and also formally responded that notice was not required because it has no bearing on appraisal with the assignee plaintiff. (Id., ¶¶ 12-15.) Ultimately, plaintiff agreed in writing to participate in the appraisal process but on

the condition that it be permitted to use its chosen appraiser. (Id., ¶ 18.)

Empire seeks to have the appraisal provision of the Policy enforced, including the requirement to select a competent, impartial appraiser. Under the policy, if the parties:

> Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **1.** Pay its chosen appraiser; and
>
> **2.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.
>
> **However, you are not required to submit to, or participate in, any appraisal of the loss as a precondition to action against us for failure to pay the loss, if we:**
>
> **1.** Requested mediation and either party rejected the mediation result; or
>
> **2. Failed to notify you of your right to participate in the mediation program.**

(Doc. #18-1, p. 39) (emphasis added). Empire argues that notice of the program does not apply to an assignee like plaintiff, only the policyholder. Empire seeks to enforce the appraisal provision

and stay litigation. Plaintiff argues that Empire failed to notify it of the right to participate in the mediation program, and therefore it is not required to submit to the appraisal process as a precondition to suit.

Under an Endorsement to the policy, if the parties "[a]re engaged in a dispute regarding a claim, either may request a mediation of the loss in accordance with the rules established by the Florida Department of Financial Services." (Doc. #18-1, p. 39.) Under the relevant Florida Statute, mediation "may be requested only by the policyholder, as a first-party claimant, a third-party, as an assignee of the policy benefits, or the insurer." Fla. Stat. § 627.7015(1). The purpose of the Florida Statute setting forth "a nonadversarial alternative dispute resolution procedure" is "designed to bring the parties together for a mediated claims settlement conference without any of the trappings or drawbacks of an adversarial process." Fla. Stat. § 627.7015(1).[1]

Pursuant to Florida law, the insurer is required to "notify the **policyholder** of its right to participate in the mediation program under this section." Fla. Stat. § 627.7015(2) (emphasis

---

[1] Empire is a surplus line insurer and would otherwise be excluded from the provisions of Chapter 627, "[e]xcept as may be specifically stated to apply. . .", which Empire has by including the mediation provision in the Endorsement. Fla. Stat. § 626.913(4); Reynolds Ventures, Inc. v. Scottsdale Ins. Co., 2:18-CV-306-FTM-29MRM, 2018 WL 4215947, at *3 (M.D. Fla. Sept. 5, 2018).

added). "If the insurer fails to comply with subsection (2) by failing to notify a policyholder of its right to participate in the mediation program under this section or if the insurer requests the mediation, and the mediation results are rejected by either party, the policyholder is not required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder's claims covered by the policy." Fla. Stat. § 627.7015(7). "Thus, the legislature clearly intended the mediation process simply to be an additional step, and otherwise not to interfere with the contract rights of the parties, **except** where the insurer fails to notify the policy holder of the right to mediation, or except where the insurer requests mediation and there is a subsequent impasse, as indicated in subsection (7)." State Farm Fla. Ins. Co. v. Unlimited Restoration Specialists, Inc., 84 So. 3d 390, 395 (Fla. 5th DCA 2012) (emphasis added).

There is no question that the failure to provide notice to the policyholder will relieve a *policyholder* of the obligation to participate in the appraisal process as a precondition to suit. See, e.g., Kennedy v. First Protective Ins. Co., 271 So. 3d 106, 108 (Fla. 3d DCA 2019) ("We hold that once a dispute has arisen, an insurer may not demand appraisal under the policy and pursuant to section 627.7015, prior to providing the insured with notice of

the right to mediate. An insurer who does so waives its right to appraisal."); Gassman v. State Farm Fla. Ins. Co., 77 So. 3d 210, 212 (Fla. 4th DCA 2011) (Finding no exceptions applied under Fla. Stat. § 627.7015(9) to require appraisal in the absence of the required notice); Universal Prop. & Cas. Ins. Co. v. Colosimo, 61 So. 3d 1241, 1244 (Fla. 3d DCA 2011) (Even if the policyholder voluntarily participates in the appraisal process, it does not relieve an insurer from the notice obligation). Cf. Am. Integrity Ins. Co. of Florida v. Gainey, 100 So. 3d 720, 722 (Fla. 2d DCA 2012) (Finding that insured could not "rely on the statute to avoid appraisal proceedings where her filing of the lawsuit rendered the statute inapplicable.")

The only issue in this case is whether "policyholder" extends to an assignee triggering the notice requirement. The Court finds that it does not. "[A] statute that is clear and unambiguous on its face requires no construction and should be applied in a manner consistent with its plain meaning." Turnberry Investments, Inc. v. Streatfield, 48 So. 3d 180, 182 (Fla. 3d DCA 2010). Under Fla. Stat. § 627.7015(1), parties other than the policyholder are included in the list of those who may request mediation with the following limitations: "However, an insurer is not required to participate in any mediation requested by a third-party assignee of the policy benefits. If requested by the policyholder, participation by legal counsel is permitted." Fla. Stat. §

627.7015(1). In the next subsection, only the policyholder is identified as the entity entitled to notice of the mediation program. As the notice requirement does not apply to a third-party or assignee, the Court finds that the appraisal process must move forward.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Appraisal and Stay Litigation (Doc. #18) is **GRANTED.** The Court compels appraisal and the case is **stayed** pending further notification by the parties that the stay is due to be lifted.
2. The parties shall file a status report **on or before December 13, 2019**, if the appraisal is not complete or a notification has not been filed by this date.
3. The Clerk shall terminate all deadlines, administratively close this case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2019.

/s/ John E. Steele

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record